**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jonathan M. Holder, Appellant.

Appellate Case No. 2015-001185

———————————

Appeal From Pickens County
John C. Hayes, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-239
Submitted May 1, 2017 – Filed June 7, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (holding for an issue to be preserved for appellate review, it must be "(1)

raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity" (quoting Jean Hoefer Toal et al., Appellate Practice in South Carolina 57 (2d ed. 2002))); *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) ("If the trial [court] sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured."); *id.* ("No issue is preserved for appellate review if the objecting party accepts the [trial court's] ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial."); *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 130 (Ct. App. 2005) ("A curative instruction to disregard incompetent evidence and not to consider it during deliberation is deemed to have cured any alleged error in its admission.").

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.